Hollingshead & Blei Company, Defendant in Error, v. V. J. Blow et al., Plaintiffs in Error.

### Gen. No. 17,777.

1. ATTACHMENT—*evidence.* In attachment for the value of certain property, *held*, that title was in plaintiff when possession thereof was wrongfully taken and a sale made to defendants, and that defendants had notice of plaintiff's title.

2. ATTACHMENT—*evidence.* In attachment to recover the value of property alleged to belong to plaintiff, it is not error to admit the bond signed by plaintiff and a member of the firm of defendants, which was given to· secure payment for such property to a trustee in bankruptcy at the sale thereof to plaintiff.

Error to the Municipal Court of Chicago; the HON. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 14, 1913.

BOYLE, MOTT & HAIGHT, for plaintiffs in error.

ADLER & LEDERER, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

An attachment suit was brought by defendant in error, Hollingshead & Blei Company, against plaintiffs in error, a copartnership under the name of Hiram Blow & Company, to recover the value of 8,905 staves which plaintiffs in error admitted they received, but which they claim were sold to them by H. W. Lowder, and that they did not belong to defendant in error. Plaintiffs in error gave a forthcoming bond in the action and the attachment issue was admitted.

There is no contention in the record that the plaintiffs in error did not receive the staves or that they paid for them to defendant in error. The case was tried by the court without a jury, and the issue of fact submitted to the court was whether the staves in question were the property of defendant in error.

The evidence without contradiction was that the Greenup Cooperage Company bought from H. W. Lowder, the same man who shipped the staves involved in this suit to plaintiffs in error, about 35,000 staves located on the lands of Allen Stegel in Elliott County, Kentucky, and that the title to the same passed to the Greenup Cooperage Company. It also appears that prior to the date of the bankruptcy of the Greenup Cooperage Company, and prior to the alleged sale by H. W. Lowder of the staves in question to plaintiffs in error, one Wilbur Chaffen, in the employ of the Greenup Cooperage Company, went to the lands of Allen Stegel where the 35,000 staves belonging to the Greenup Cooperage Company were located. Chaffen counted the staves in question. H. W. Lowder was present and pointed out the staves, and said to Chaffen that he had sold all the staves on the lands of Stegel to the Greenup Cooperage Company. It further appears that 8,905 of the staves that were counted out from those upon the lands in question by Chaffen and Low-

der were taken to Jacob Switch for the Greenup Coop-
erage Company, and that these were the staves that
were subsequently sold by the trustee of the Greenup
Cooperage Company to defendant in error.  The evi-
dence shows where these staves were located and that
they were the same staves that Chaffen had hauled to
Jacob Switch for the Cooperage Company.  The evi-
dence further shows that the trustee in bankruptcy of
the Cooperage Company sold the staves and that Chaf-
fen bought them at the trustee's sale for defendant
in error, and that the witness Stegel took possession
of the staves at Jacob Switch for defendant in error.
The evidence also shows that after the sale in ques-
tion and after Stegel had taken possession for the de-
fendant in error, the staves were loaded at the order
of Lowder and shipped and billed to plaintiffs in er-
ror.

In our opinion, the clear preponderance of the evi-
dence in the record is in favor of the defendant in
error, and that the title to the staves in question was
in defendant in error at the time the staves were
wrongfully taken possession of by Lowder and ship-
ped to plaintiffs in error.  We think that plaintiffs
in error had notice of the title of defendant in error
when they purchased the property of Lowder.  This
is shown among other things by the fact that V. J.
Blow, one of the plaintiffs in error and the senior
member of the firm, signed the bond of the defendant
in error to the trustee in bankruptcy securing to the
trustee the purchase money of the staves sold by him.
This bond was executed at the time of the sale and at
the time that the defendant in error took possession
of the staves in question.  In our opinion, based upon
a study of the evidence, the title of defendant in error
to the staves is clearly shown, and that the plaintiffs
in error were informed of that title before they pur-
chased the staves of Lowder, and were, therefore, not
innocent purchasers for value.

In our opinion the court did not err in admitting

the bond signed by defendant in error and Mr. Blow of the firm of the plaintiffs in error given to the trustee in bankruptcy at the sale to secure payment for the staves. We think justice has been done in the case by the finding and judgment of the trial court. The judgment is affirmed.

*Affirmed.*